UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Philadelphia Newspapers, LLC, *et al.*, | Case No. 09-11204(JKF) |
| Debtors. | Jointly Administered |
| _____ | _____ |
| Philadelphia Newspapers, LLC, *et al,*. | |
| Plaintiffs, | Adversary No. 09-00085(JKF) |
| v. | |
| Alycia Lane, David Morgenstern, Thomas A. Burlington, Robert A. Brady, Myra Belle Miller, 401 Restaurant Associates, Alex Plotkin, James M. DeLeon, Marilyn DeLeon, John J. Dougherty, International Brotherhood of Electrical Workers, Local 98, Vahan H. Gureghian, Danielle Gureghian, Charter School Management, Inc., Richard Holmes, Gari Nan Brindle, Lourdes Hudson, R. Bradley Maule, James W. Robinson, Jr. and Harriet Hueitt, | |
| Defendants. | |

**DEBTORS' MOTION FOR A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER PURSUANT TO 11 U.S.C. § 105(a) AND/OR FOR AN EXTENSION OF THE AUTOMATIC STAY PURSUANT TO SECTION 362(a) OF THE BANKRUPTCY CODE**

Pursuant to Fed. Bankr. R. 7001 and 11 U.S.C. §§ 105(a) and 362(a), the above-captioned debtors and debtors in possession PMH Acquisition, LLC, Broad Street Video, LLC, Philadelphia Newspapers, LLC, Philadelphia Direct, LLC, Philly Online, LLC, PMH Holdings, LLC, Broad Street Publishing, LLC and Philadelphia Media, LLC (collectively, the "Debtors")

797042_4

submit this Motion for a Preliminary Injunction and a Temporary Restraining Order seeking an injunction and/or an extension of the scope of the automatic stay to include: (i) the Debtors' holding company, Philadelphia Media Holdings, LLC ("PMH"); (ii) Brian Tierney, the Debtors' CEO and the Publisher of *The Philadelphia Inquirer* (the "CEO"); and (iii) certain reporters, editors or other employees of Debtor Philadelphia Newspapers, LLC (collectively with PMH and the CEO, the "Non-Debtors"). In support of this Motion, the Debtors aver as follows:

## I.    BACKGROUND

1. The Debtors own and operate numerous print and online publications in the Philadelphia market, including the Philadelphia Inquirer (the "Inquirer"), the Philadelphia Daily News (the "Daily News"), several community newspapers, the region's number one local website, philly.com ("Philly.com"), and a number of related online products. The Debtors' flagship publications are the Inquirer, the third oldest newspaper in the country and the winner of numerous Pulitzer Prizes and other journalistic recognitions, and the Daily News.

2. Both the Inquirer and Daily News are owned and operated by Debtor Philadelphia Newspapers, LLC. The Debtors also distribute award-winning news, sports and commentary from the Inquirer and Daily News through Philly.com, which is operated by Debtor Philly Online, LLC. Debtor Broad Street Publishing, LLC also publishes a series of community newspapers and advertising publications in the Philadelphia area, including the Northeast Times, Star, and My Community Trend.

3. Debtor PMH Acquisition, LLC, a Delaware limited liability company ("Holdings"), was formed for the purpose of acquiring the seven subsidiary Debtors. Holdings is the sole owner of one hundred percent of the equity interests in each of the seven subsidiary Debtors, which in turn own and operate the Daily News and the Philadelphia Inquirer.

4. Non-Debtor PMH is the holding company that indirectly owns 100% of the equity of Debtor Philadelphia Newspapers, LLC. PMH has no operating business or employees, and has no material assets. Declaration of Debtors' General Counsel, Scott K. Baker, Esquire ("Baker Decl."), Exhibit A hereto, ¶ 7.

5. On February 22, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

6. Prior to the Petition Date, several litigation matters were filed against Debtor Philadelphia Newspapers, LLC, and in certain of those cases, plaintiffs brought claims against the Non-Debtors (the "Pre-Petition Litigation").

7. On March 23, 2009, the Debtors filed an adversary complaint ("Complaint"), pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, Rule 7001(7) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable hereto by Bankruptcy Rule 7065, seeking: (a) extension of the automatic stay under section 362(a) of the Bankruptcy Code; and/or (b) injunctive relief under section 105(a) of the Bankruptcy Code to prohibit the above-captioned Defendant parties from asserting claims or otherwise attempting to exercise remedies against the Non-Debtors.

8. The Defendants in the adversary proceeding are plaintiffs or cross claimants in the Pre-Petition Litigation.

9. To the extent the Pre-Petition Litigation was brought against a Debtor, those actions are stayed by section 362(a) of the Bankruptcy Code and the plaintiffs therein are prevented from attempting to collect pre-petition debts from the Debtors.

10. The Defendants in the adversary proceeding likewise should be enjoined, under the Bankruptcy Code and the Federal Rules, from attempting to collect a pre-petition debt from the Non-Debtors because such efforts: (a) will have the effect of action against the Debtors themselves; (b) will cause significant interference with, and impairment of, the Debtors' efforts to reorganize; and (c) might give rise to indemnification and other claims that the Non-Debtors could assert against the Debtors.

11. The relief sought by the Debtors is critical to the Debtors' ability to preserve the assets and value of the Debtors' enterprise for the benefit of parties in interest and to eventually implement a plan of reorganization.

12. In his position as General Counsel to Debtor Philadelphia Newspapers, LLC, Scott K. Baker, Esquire (the "General Counsel") is regularly consulted on discovery and litigation strategy involving the Pre-Petition Litigation. He also generally reviews all pleadings and discovery and is often involved in preparing witnesses for deposition or for trial. Baker Decl., ¶ 9.

13. Debtor Philadelphia Newspapers, LLC's employees involved in these cases, including reporters named as defendants in the Pre-Petition Litigation, as well as support staff, also are required to be involved in discovery and trial preparation. Baker Decl., ¶ 10.

14. If the Pre-Petition Litigation is not stayed, the CEO also will be required to participate in cases where he is named as a defendant, has been identified as a witness or where the court requires his involvement in settlement discussions. Baker Decl., ¶ 14.

15. Many of the Pre-Petition Litigation matters are multi-party cases that will involve conducting dozens of depositions. Baker Decl., ¶ 11. For example, the plaintiff in the Burlington Case intends to depose at least twenty witnesses. Baker Decl., ¶ 12.

16. In the Morgenstern Case, the Rule 26 Order entered by the Eastern District of Pennsylvania Court permits each of the parties to take fifteen depositions, and counsel for the parties have acknowledged that over thirty depositions are likely to be conducted before the discovery deadline of September 30, 2009. Philadelphia Newspapers, LLC has been advised that the depositions will begin in April 2009. Baker Decl., ¶ 13.

17. If the Pre-Petition Litigation is permitted to proceed against the Non-Debtors, Debtor Philadelphia Newspapers, LLC, the CEO, the General Counsel, and various employees and reporters will undoubtedly be compelled to participate in the litigation in order to protect the Debtors' interests.

18. Involvement of the CEO, the General Counsel and/or employees and reporters of the Debtors in protracted and burdensome discovery will unquestionably detract from the Debtors' efforts to reorganize.

19. Debtor Philadelphia Newspapers, LLC indemnifies employees, agents, Members and Managers pursuant to a clause in the Philadelphia Newspaper, LLC operating agreement. Baker Decl., ¶ 16; Exhibit 1 to the Baker Decl., Amended and Restated Operating Agreement of Philadelphia Newspapers, LLC, ¶ 8(b).

20. Thus, Debtor Philadelphia Newspapers, LLC is responsible for and has paid for all legal services associated with the defense of the Non-Debtors in the Pre-Petition Litigation, and could be liable for any judgment against the Non-Debtors. Baker Decl., ¶ 17.

21. Accordingly, in any Pre-Petition Litigation where the wrong entity (PMH) or reporters or other employees of Debtor Philadelphia Newspapers, LLC have been sued, Philadelphia Newspapers, LLC has been providing a defense and paying all legal fees on behalf of PMH and the employees. Baker Decl., ¶ 18.

22. Because Debtor Philadelphia Newspapers, LLC is the real party defendant, a judgment against PMH could effectively be a judgment or finding against Debtor Philadelphia Newspapers, LLC. Baker Decl., ¶ 19.

23. As set forth herein and in the Complaint, this case presents the requisite unusual circumstances justifying an extension of the automatic stay and demonstrating that the Debtors are entitled to injunctive relief.

## II.    ARGUMENT

### A.    Applicable Standards

24. The purpose of automatic stay is to "give a debtor a breathing spell from creditors by stopping all collection efforts and all foreclosure actions." McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 509 (3d. Cir. 1997).

25. The bankruptcy court has jurisdiction to determine the extent of the automatic stay under 11 U.S.C. § 362. Graziani v. Randolph, 887 A.2d 1244, 1248 (Pa. Super. 2005).

26. While the automatic stay provisions of 11 U.S.C. § 362(a) generally apply only to bankruptcy debtors, that interpretation "has been liberalized in a number of cases where courts have applied the automatic stay protections to nondebtor third parties." McCartney, 106 F.3d at 510.

27. In cases involving non-bankrupt parties, courts will stay proceedings against non-debtor defendants when "unusual circumstances" are present. Id. Unusual circumstances exist when "there is such identity between the debtor and third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third party defendant will in effect be a judgment or finding against the debtor" or "where the protection of a stay is essential to the debtor's reorganization efforts." Smith v. Dominion Bridge Corp., No. 96-cv-7580, 1999 U.S. Dist. LEXIS 2131, at *12 (E.D. Pa. Mar. 2, 1999) (citing McCartney, supra); see also W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.), 386 B.R. 17, 30 (Bankr. D. Del. 2008).

28. In determining whether "unusual circumstances" exist, courts in this District also consider the following four factors: (1) plaintiff's interest in having a forum and whether or not plaintiff has a satisfactory alternative forum; (2) whether the defendant may wish to avoid multiple litigation or inconsistent relief or sole responsibility for liability he shares with another; (3) the interest of the outsider whom it would have been desirable to join and the extent to which the judgment may, as a practical matter, impair or impede the absent party's ability to protect his interest; and (4) the interest of the courts and the public in the complete, consistent and efficient settlement of controversies. Smith, 1999 U.S. Dist. LEXIS 2131, at *12 (internal quotation omitted; granting motion to stay proceedings as to non-bankruptcy co-defendants).

29. Even where unusual circumstances exist justifying an extension of the automatic stay to non-debtor parties, however, a bankruptcy court must rely upon its equity jurisdiction under 11 U.S.C. § 105 to issue an injunction extending the stay. In re Aldan Industries, Inc., 2000 Bankr. LEXIS 342, 27-8 (Bankr. E.D. Pa. 2000) ("Extension of the automatic stay because of 'unusual circumstances' does not occur automatically 'but requires the filing of an appropriate adversary proceeding under § 105 and § 362 to achieve the desired result.'").

30. Section 105(a) further confers upon bankruptcy courts the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Specifically, this Court may utilize the equitable power granted to it by section 105(a) to enjoin actions against the Non-Debtors in order to protect the Debtors' estate. McCartney, 106 F.3d at 509.

31. In the context of a request for an injunction in an adversary proceeding in bankruptcy,[1] a court is required to consider the following: (a) the danger of imminent, irreparable harm to the estate or the debtor's ability to reorganize; (b) the reasonable likelihood of a successful reorganization; (c) the balance of the relative harm between the debtor and the entity which would be restrained; and (d) the balance between public interest in successful bankruptcy reorganizations and other competing societal interests. In re Monroe Well Service, Inc., 67 B.R. 746, 752-3 (Bankr. E.D. Pa. 1986); see also Official Comm. of Unsecured Creditors v. Bechtle (In re LaBrum & Doak, LLP), 237 B.R. 275, 306-7 (Bankr. E.D. Pa. 1999).

32. As set forth below, the Debtors clearly meet the "unusual circumstances" test and can also demonstrate all the factors supporting issuance of an injunction.

---

[1] Federal Rule of Bankruptcy Procedure 7065 incorporates Federal Rule of Civil Procedure 65 in actions for injunctions in a bankruptcy case (with the exception of Rule 65(c) governing security to be posted for a TRO or preliminary injunction). See Fed. R. Bankr. P. 7065.

B. **This Case Presents The Requisite Unusual Circumstances Justifying Extension Of The Automatic Stay.**

33. As noted above, courts will extend automatic stays to nondebtor third parties where "unusual circumstances" exist such as where there is such identity between the debtors and non-debtor defendants that the debtor is the real party defendant and any judgment against the non-debtor will essentially be judgment against the debtor.

34. Where non-debtor officers and employees have been sued, courts will extend the automatic stay to prevent the plaintiffs from doing "indirectly what the bankruptcy laws prohibit them from doing directly; that is bring suit against a company in reorganization merely by substituting the officers and directors plaintiffs contend were responsible for the company's alleged misconduct." In re Loewen Group, Inc., 2001 U.S. Dist. LEXIS 6482, *12-13 (E.D. Pa. 2001).

35. Where defamation or related claims have been made against PMH and/or reporters or editors of the Inquirer or Daily News, it is evident that Debtor Philadelphia Newspapers, LLC is the real party defendant. PMH was included as a defendant based on the mistaken belief that the Daily News or Inquirer reporters were employees or agents of PMH rather than Debtor Philadelphia Newspapers, LLC, or that PMH was otherwise responsible for actions of the reporters.

36. To allow the plaintiffs in the Pre-Petition Litigation to pursue claims against PMH would present an impermissible end run around the protection provided to the Debtors by the automatic stay.

37. Unusual circumstances are also present when a stay is essential to the Debtors' reorganization efforts. In this case, the Pre-Petition Litigation matters include numerous complex, multi-party cases, many of which would require participation in dozens of depositions over the next few months – a critical time for the Debtors in attempting to reorganize.

38. If the Defendants are permitted to pursue their claims against the Non-Debtors, Debtor Philadelphia Newspapers, LLC, the CEO, the General Counsel, and various employees and reporters will surely be compelled to participate in the litigation in order to protect the Debtors' interests. Such participation would undoubtedly detract from the available time that could be spent in furtherance of reorganization efforts.

39. The Debtors are also entitled to the requested relief after weighing the following four factors:

> (1) the plaintiff's interest in having a forum and whether or not plaintiff has a satisfactory alternative forum; (2) whether the defendant may wish to avoid multiple litigation or inconsistent relief or sole responsibility for liability he shares with another; (3) the interest of the outsider whom it would have been desirable to join and the extent to which the judgment may, as a practical matter, impair or impede the absent consistent and efficient settlement of controversies; and (4) the interest of the courts and the public in the complete, consistent and efficient settlement of the controversies.

Smith, 1999 U.S. Dist LEXIS 2131, *12 (E.D. Pa. 1999).

40. With respect to the first factor, courts have consistently held that there is a satisfactory alternative forum when the defendants are not precluded from pursuing claims against the Non-Debtors, but can assert their claims at the conclusion of the bankruptcy. Smith, 1999 U.S. Dist. LEXIS 2131, at *13; Roberts v. We Love Country, 2005 U.S. Dist LEXIS 18566, *3-4 (E.D. Pa. 2005).

41. The second and fourth factors are met where the stay would avoid multiple proceedings and potentially inconsistent relief thereby affording the efficient resolution of claims. Roberts, 2005 U.S. Dist LEXIS 18566, *8; In re Loewen, 2001 U.S. Dist. LEXIS 6482, *10; Smith, 1999 U.S. Dist. LEXIS 2131, *13.

42. If the Pre-Petition Litigation proceeds without the Debtor Philadelphia Newspapers, LLC, the Debtors arguably could be collaterally estopped from re-litigating critical factual and legal issues.

43. Additionally, if issues are decided in favor of the Non-Debtors, there is nonetheless the possibility that substantially identical issues will have to be re-litigated, creating a risk of duplication and inconsistent judgments. Roberts, 2005 U.S. Dist LEXIS 18566, *8.

44. Debtor Philadelphia Newspapers, LLC indemnifies its employees and the Non-Debtors under an indemnity provision. Historically, Debtor Philadelphia Newspapers has been paying for all defense costs in the Pre-Petition Litigation and might be responsible for any judgment rendered against the Non-Debtors.[2]

45. Thus, the third factor is likewise met here because, given the existence of the indemnity agreement and the potential for collateral estoppel, Debtor Philadelphia Newspapers, LLC would not be able to adequately protect its interests if it was not present and participating in the multiple cases against the Non-Debtors. Id.

46. Because a judgment against the Non-Debtors could, in effect, be a judgment against the Debtor given the existence of the indemnity agreement, factor three is also present.

---

[2] While insurance policies exist to provide coverage for judgments against the Debtors, the policies covering most of the Pre-Petition Litigation matters have a retention of $500,000 or $750,000 for each claim, and thus provide no protection to the Debtors for legal fees or judgments below that amount. The other Pre-Petition Litigation cases are

Smith, 1999 U.S. Dist. LEXIS 2131, *14-15 (the possibility that the debtor would have to indemnify defendants supports a finding of unusual circumstances); In re Loewen, 2001 U.S. Dist. LEXIS 6482, *10; see also W.R. Grace & Co., 386 B.R. at 32.

47. Under the circumstances, it is "difficult to imagine how a case against the individual non-debtor defendants could proceed without the [Debtors'] substantial involvement." In re Loewen, 2001 U.S. Dist. LEXIS 6482, *11.

48. Accordingly, this Court should find that unusual circumstances exist justifying extension of the automatic stay to the Non-Debtors.

C. **The Debtors Are Also Entitled To Injunctive Relief.**

49. The Debtors have also established a right to injunctive relief extending the automatic stay to the Non-Debtors. Especially given the early stages of this bankruptcy proceeding, the Debtors should be presumed to have a reasonable likelihood of obtaining a successful reorganization.

50. Given that the Debtors filed their Petitions on February 22, 2009, it is premature to assess the likelihood that the Debtor will be able to successfully reorganize. In re Baskin-Robbins Inc., 161 B.R. 606, 614 (Bankr. W.D. Pa. 1993) ("A chapter 11 debtor should be given a reasonable opportunity to successfully reorganize."); see also Gathering Rest., Inc. v. First Nat'l Bank (In re Gathering Rest., Inc.), 79 B.R. 992, 1001-2 (Bankr. N.D. Ind. 1985) ("[T]he Court at the early stages must make at least a rebuttable presumption that the [debtor has] made a good faith filing and [is] making a good faith effort to reorganize.").

---

covered by a general liability policy with a deductible of $150,000 or an employment practices liability policy with a retention of $100,000. Baker Decl., ¶19.

51. However, even where reorganization efforts have taken years, courts have found that the debtor showed a likelihood of success in reorganization where the parties are working toward plan confirmation and no party had demonstrated reorganization was unlikely. W.R. Grace & Co., 386 B.R. at 33.

52. Additionally, enjoining actions against the Non-Debtors will not harm the Defendants because either they will be able to pursue their claims against the Non-Debtors after the conclusion of the bankruptcy proceedings or they will be able to assert their claims against the Debtors in these proceedings. Their right to pursue claims is merely delayed, not extinguished. Smith, 1999 U.S. Dist. LEXIS 2131, at *13; Roberts, 2005 U.S. Dist LEXIS 18566, *3-4.

53. In contrast, there is a real danger of irreparable harm to the Debtors in the absence of an injunction because the Debtors bear a risk of collateral estoppel if a judgment is entered against the Non-Debtors and because the Debtors' key personnel could potentially be distracted from reorganization efforts by discovery and other demands of the many cases against the Non-Debtors. Roberts, 2005 U.S. Dist LEXIS 18566, *3-4.

54. If the Debtors choose not to participate in the Pre-Petition Litigation matters, not only do they risk a finding against them on identical facts and legal issues, but Debtor Philadelphia Newspapers, LLC may be required to pay the judgment and any legal fees associated with the cases pursuant to its duty to indemnify the Non-Debtors.

55. Clearly the balance of possible hardship favors the Debtors and would cause only minimal harm to the Defendants – at most a temporary delay in pursuing their claims against the Non-Debtors.

56. Finally, granting the injunction would serve the public interest by enabling the Debtors to continue stabilizing their businesses. In determining whether the public interest element is satisfied, the court must balance the public interest in successful bankruptcy reorganizations with other competing social interests. <u>Official Comm. of Unsecured Creditors v. Bechtle (In re LaBrum & Doak, LLP)</u>, 237 B.R. at 307. Here, the ability to implement a successful plan of reorganization clearly serves the interests of the Debtors' creditors and those of the employees and vendors of the Debtors.

WHEREFORE, for all the foregoing reasons and the reasons set forth in the Complaint, the Debtors respectfully request that this Court enter an Order in the form attached hereto extending the scope of the automatic stay to include the Non-Debtors and/or granting a temporary restraining order and preliminary injunction enjoining Defendants from continuing any action or legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), including by way of direct claim, counterclaim, cross claim, appeal or any other action against Non-Debtors PMH, Brian Tierney and the reporters and other employees of Debtor Philadelphia Newspapers, LLC, and granting such other relief as this Court deems just.

Dated: March 23, 2009
      Philadelphia, Pennsylvania

/s/ Lawrence G. McMichael
**DILWORTH PAXSON LLP**
Lawrence G. McMichael
Anne M. Aaronson
Catherine G. Pappas
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

-and-

**PROSKAUER ROSE LLP**
Mark K. Thomas
Paul V. Possinger
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

-and-

**PROSKAUER ROSE LLP**
Richard J. Corbi
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Co-Counsel for the Debtors and Debtors in Possession*