# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re: | Chapter 11 |
| Philadelphia Newspapers, LLC, *et al.*,[1] | Case No. 09-11204(JKF) |
| Debtors. | Jointly Administered |
| Philadelphia Newspapers, LLC, *et al.*,[2] | |
| Plaintiffs, | Adversary No. 09-00085(JKF) |
| v. | |
| Alycia Lane<br>c/o Paul Rosen, Esquire<br>Spector Gadon & Rosen, P.C.<br>Seven Penn Center Plaza<br>1635 Market Street, 7th Floor<br>Philadelphia, PA 19103 | |
| and | |
| David Morgenstern<br>c/o Joseph H. Blum, Esquire<br>Frey, Petrakis, Deeb, Blum & Murphy<br>1601 Market Street, Suite 2600<br>Philadelphia, PA 19103 | |
| and | |
| Thomas A. Burlington<br>c/o Laura Mattiacci, Esquire<br>Console Law Office<br>1525 Locust Street, 9th Floor<br>Philadelphia, PA  19102 | |
| and | |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PMH Acquisition, LLC (1299), Broad Street Video, LLC (4665), Philadelphia Newspapers, LLC (3870), Philadelphia Direct, LLC (4439), Philly Online, LLC (5185), PMH Holdings, LLC (1768), Broad Street Publishing, LLC (4574), Philadelphia Media, LLC (0657), and Philadelphia Media Holdings, LLC (4680).

[2]     The Plaintiffs in this adversary case are the Debtors listed in footnote 1.

)
)
**Robert A. Brady**                                    )
**c/o Richard Sprague, Esquire**                       )
**Sprague & Sprague**                                  )
**The Wellington Building**                            )
**135 S. 19th Street, Suite 400**                      )
**Philadelphia, PA 19103**                             )
)
    **and**                        )
)
**Myra Belle Miller**                                  )
**c/o Timothy M. Kolman, Esquire**                     )
**Timothy M. Kolman & Associates**                     )
**225 N. Flowers Mill Road**                           )
**Langhorne, PA 19047**                                )
)
    **and**                        )
)
**401 Restaurant Associates**                          )
**c/o Dion Rassias, Esquire**                          )
**The Beasley Firm, LLC**                              )
**1125 Walnut Street**                                 )
**Philadelphia, PA 19107**                             )
)
    **and**                        )
)
**Alex Plotkin**                                       )
**c/o Dion Rassias, Esquire**                          )
**The Beasley Firm, LLC**                              )
**1125 Walnut Street**                                 )
**Philadelphia, PA 19107**                             )
)
    **and**                        )
)
**James M. DeLeon**                                    )
**c/o  Adrian Moody, Esquire**                         )
**Law Offices of Adrian Moody**                        )
**1616 Walnut Street**                                 )
**Philadelphia, PA 19103**                             )
)
    **and**                        )
)
**Marilyn DeLeon**                                     )
**c/o  Adrian Moody, Esquire**                         )
**Law Offices of Adrian Moody**                        )
**1616 Walnut Street**                                 )

2

Philadelphia, PA 19103     )
             )
   and         )
             )

John J. Dougherty       )
c/o George Bochetto, Esquire   )
Bochetto & Lentz, P.C.     )
1524 Locust Street      )
Philadelphia, PA 19102     )
             )
   and         )
             )

International Brotherhood of Electrical )
Workers, Local 98      )
c/o George Bochetto, Esquire   )
Bochetto & Lentz, P.C.     )
1524 Locust Street      )
Philadelphia, PA 19102     )
             )
   and         )
             )

Vahan H. Gureghian      )
c/o Joseph Fioravanti, Esquire   )
217 North Monroe Street     )
P.O. Box 1826        )
Media, PA 19063       )
             )
   and         )
             )

Danielle Gureghian      )
c/o Joseph Fioravanti, Esquire   )
217 North Monroe Street     )
P.O. Box 1826        )
Media, PA 19063       )
             )
   and         )
             )

Charter School Management, Inc.  )
c/o Joseph Fioravanti, Esquire   )
217 North Monroe Street     )
P.O. Box 1826        )
Media, PA 19063       )
             )
   and         )
             )
             )
             )

|  | ) |
| --- | --- |
|  | ) |
| **James W. Robinson, Jr.** | ) |
| **c/o Scott Bennett, Esquire** | ) |
| **The Beasley Firm, LLC** | ) |
| **1125 Walnut Street** | ) |
| **Philadelphia, PA 19107** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **David Leigh** | ) |
| **5231 Beaumont Avenue** | ) |
| **Philadelphia, PA 19143** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **Christopher Baxter** | ) |
| **6345 Overbrook Avenue** | ) |
| **Philadelphia, PA 19151** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **Turquoise Erving** | ) |
| **108 Windrush Road** | ) |
| **Winston-Salem, NC 27106** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **Carlo and Gemma Tedesco** | ) |
| **407 Ellerslie Avenue** | ) |
| **Ambler, PA 19002** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **Emmaline Armstrong** | ) |
| **64 Princeton Ave.** | ) |
| **Gloucester, NJ 08030** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **Antwone Williams HL-9856** | ) |
| **SCI Fayette** | ) |
| **Box 9999** | ) |
| **Labelle, PA 15450-0999** | ) |
|  | ) |
| **Defendants.** | ) |
| _____ | ) |

4

**THIRD AMENDED COMPLAINT OF THE DEBTORS SEEKING EXTENSION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(a) AND FOR INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105(a)**

Pursuant to Federal Rule of Bankruptcy Procedure 7001 and 7015 and 11 U.S.C. §§ 105(a) and 362(a), the above-captioned debtors and debtors in possession PMH Acquisition, LLC, Broad Street Video, LLC, Philadelphia Newspapers, LLC, Philadelphia Direct, LLC, Philly Online, LLC, PMH Holdings, LLC, Broad Street Publishing, LLC and Philadelphia Media, LLC (collectively, the "Debtors") bring this Third Amended Complaint seeking an injunction and/or an extension of the scope of the automatic stay to include: (i) Brian Tierney, the Debtors' CEO and the Publisher of *The Philadelphia Inquirer*; and (ii) certain reporters, editors or other employees of  Philadelphia Newspapers, LLC (together, the "Non-Debtors"). This Third Amended Complaint is filed to: (i) include several new causes of action that were filed against certain of the Debtors and/or Non-Debtors after the Second Amended Complaint was filed; (ii) delete reference to several causes of action against which, as a result of the June 10, 2009 chapter 11 filing of Debtor, Philadelphia Media Holdings, LLC, relief is no longer necessary; and (iii) include Debtor, Philadelphia Media Holdings, LLC, which was formerly a Non-Debtor in this matter, as a Debtor.  In support of this Third Amended Complaint, the Debtors aver as follows:

1.      This is an adversary proceeding commenced by the Debtors, pursuant to sections 105(a) and 362(a) title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 7001(7) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable hereto by Bankruptcy Rule 7065, seeking (i) extension of the automatic stay under section 362(a) of the Bankruptcy Code and/or (ii) injunctive relief under section 105(a) of

the Bankruptcy Code, to enjoin the above-captioned defendant parties from asserting claims or otherwise attempting to exercise remedies against the Non-Debtors.

2.    This adversary action presents the requisite unusual circumstances that justifies extension of the automatic stay and demonstrates that the Debtors are entitled to injunctive relief.

## THE DEBTORS AND RELATED NON-DEBTORS

3.    The Debtors own and operate numerous print and online publications in the Philadelphia market, including *The Philadelphia Inquirer* (the "Inquirer"), the *Philadelphia Daily News* (the "Daily News"), several community newspapers, the region's number one local website, philly.com ("Philly.com"), and a number of related online products.  The Debtors' flagship publications are the Inquirer, the third oldest newspaper in the country and the winner of numerous Pulitzer Prizes and other journalistic recognitions, and the Daily News.

4.    Both the Inquirer and Daily News are owned and operated by Debtor Philadelphia Newspapers, LLC.  The Debtors also distribute award-winning news, sports and commentary from the Inquirer and Daily News through Philly.com, which is operated by Debtor Philly Online, LLC.  Debtor Broad Street Publishing, LLC also publishes a series of community newspapers and advertising publications in the Philadelphia area, including the Northeast Times, Star, and My Community Trend.

5.    Brian Tierney is the Chief Executive Officer of Debtor Philadelphia Newspapers, LLC, the Publisher of the Inquirer and also serves as Chief Executive Officer of the other Debtors herein.

6.    Debtor PMH Acquisition, LLC, a Delaware limited liability company ("Holdings"), was formed for the purpose of acquiring the seven subsidiary Debtors.  Holdings is the sole owner of one hundred percent of the equity interests in each of the seven subsidiary Debtors, which in turn own and operate the Daily News and the Inquirer.

6

7.     Debtor Philadelphia Media Holdings, LLC ("PMH") is the holding company that indirectly owns 100% of the equity of Debtor Philadelphia Newspapers, LLC.  PMH has no operating business or employees, and has no material assets.  Declaration of Scott K. Baker, Esquire ("Baker Decl.", **Exhibit A** hereto, ¶ 7).  On June 10, 2009, PMH filed a voluntary petition for chapter 11 relief and its bankruptcy case is being jointly administered along with the other Debtors' bankruptcy cases.

## THE DEFENDANTS

8.     Defendants Vahan H. Gureghian and Danielle Gureghian are individuals residing at 841 Merion Square Road, Gladwyne, PA 19035; Defendant Charter School Management, Inc. is a charter school management company located at 302 E. 5th Street, Chester PA 19013. These Defendants are plaintiffs in litigation captioned *Vahan H. Gureghian, Danielle Gureghian and Charter School Management, Inc. v. Philadelphia Media Holdings, LLC, The Philadelphia Inquirer, Brian P. Tierney, Dan Hardy, Derrick Nunnally, Martha Woodall and Rose Ciotta*, Civil No. 09-00094 (Del. Co. Comm. Pl. Ct.), that was filed against PMH, The Philadelphia Inquirer, Brian P. Tierney, Dan Hardy, Derrick Nunnally, Martha Woodall and Rose Ciotta prior to the Petition Date (as defined below).

9.     Defendant David Morgenstern is an individual residing at 8226 Jeans Street, Philadelphia, PA 19111 and is the plaintiff in litigation captioned *David Morgenstern v. Pennsylvania Convention Center Authority, d/b/a Pennsylvania Convention Center; Albert Mezzaroba, Individually and as Chief Officer of Pennsylvania Convention Center Authority; Sylvia Carrasquillo; Fox Television Stations of Philadelphia, Inc., d/b/a Fox 29 Philadelphia; Fox Television Stations, Inc.; Jeff Cole, Individually, and as Agent, Servant, and Employee of Fox Television Station of Philadelphia, Inc. d/b/a Fox 29 Philadelphia; Philadelphia Media Holdings, LLC, d/b/a Philadelphia Daily News; Dave Davies, Individually, and as Agent,*

7

*Servant, and Employee of Philadelphia Media Holdings, LLC d/b/a Philadelphia Daily News;*

*Gar Joseph, Individually, and as Agent, Servant, and Employee of Philadelphia Media Holdings,*

*LLC d/b/a Philadelphia Daily News; International Brotherhood of Electrical Workers, Local 98;*

*and John J. Dougherty, Individually, and as Business Manager of IBEW Local 98*, C.A. No. 08-

00562 (E.D. Pa.) (the "Morgenstern Case"), that was filed against Philadelphia Media Holdings,

LLC, d/b/a Philadelphia Daily News; Dave Davies, Individually, and as Agent, Servant, and

Employee of Philadelphia Media Holdings, LLC d/b/a Philadelphia Daily News; Gar Joseph,

Individually, and as Agent, Servant, and Employee of Philadelphia Media Holdings, LLC d/b/a

Philadelphia Daily News prior to the Petition Date.

10.     Defendants John J. Dougherty and the International Brotherhood of Electrical

Workers, Local 98 (the "IBEW"), residing in the Commonwealth of Pennsylvania, with a

business address at 1717 Spring Garden Street, Philadelphia, Pennsylvania 19130, are cross

claimants in the Morgenstern Case, and have filed cross claims against PMH and certain

employees of Debtor Philadelphia Newspapers, LLC.  Defendant Dougherty has also recently

filed a writ of summons against Debtor Philadelphia Newspapers, LLC and its employees,

Harold Jackson, Paul Davis, David Boyer, Russell Cooke, Melanie Burney, Tony Auth, and

Monica Yant Kinney.  At this time, the claims asserted by Defendant Dougherty against the

Philadelphia Newspapers, LLC and its employees are unknown and the writ of summons, as to

Philadelphia Newspapers, LLC, was filed in violation of the automatic stay.

11.     Defendant Thomas A. Burlington is an individual residing at 1991 Swedesford

Road, Malvern, PA 19355 and is the plaintiff in litigation captioned *Thomas A. Burlington v.*

*Philadelphia Media Holdings LLC t/a The Daily News; and Dan Gross*, Civil Action No. 2008-

055180 (Chester Co. Comm. Pl. Ct.) (the "Burlington Case") that was filed against Philadelphia

Media Holdings LLC t/a The Daily News and Dan Gross prior to the Petition Date.

12.    Defendant Alycia Lane is an individual residing at 227 South 6th Street,

Philadelphia, PA 19106 and is the plaintiff in litigation captioned *Alycia Lane v. CBS*

*Broadcasting, Inc., et al.,* Phila. Ct. Com. Pl., September Term 2008, C.A. No. 3425 that was

filed against Philadelphia Media Holdings LLC; Philadelphia Newspapers, LLC trading as

Philadelphia Daily News and Dan Gross prior to the Petition Date.    Defendant Lane

subsequently amended her complaint in this litigation to remove Philadelphia Media Holdings

LLC and Philadelphia Newspapers, LLC trading as Philadelphia Daily News as parties.

13.    Defendant Robert A. Brady is an individual residing at 7028 Brentwood Road,

Philadelphia, PA 19151 and is the plaintiff in litigation captioned *Robert A. Brady v.*

*Philadelphia Newspapers, LLC; Harold Jackson; and David Boyer*, Civil Action No. 02259,

April Term 2008 (Phila. Ct. Com. Pl.), that was filed against Philadelphia Newspapers, LLC,

Harold Jackson and David Boyer prior to the Petition Date.

14.    Defendant Myra Belle Miller is an individual residing at 400 Madison Street,

#1506, Alexandria, VA 22314 and is the plaintiff in litigation captioned *Myra Belle (Sally)*

*Miller v. Philadelphia Newspapers, Inc. t/d/b/a The Philadelphia Daily News*, *Jim Smith and*

*Gloria Campisi*, Number 2586 EDA 2008 (Pa. Super. Ct.), that was filed against Philadelphia

Newspapers, Inc. t/d/b/a The Philadelphia Daily News,  Jim Smith and Gloria Campisi prior to

the Petition Date.

15.    Defendant Alex Plotkin is an individual and Defendant 401 Restaurant

Associates, LLC is a business located at 401 City Avenue, Bala Cynwyd, PA 19004 and are

plaintiffs in litigation captioned *401 Restaurant Associates, LLC; and Alex Plotkin v. Craig LaBan; and Philadelphia Media Holdings, t/a The Philadelphia Inquirer*, Civil Action No. 01451, February Term 2007 (Phila. Ct. Com. Pl.) that was filed against Craig LaBan and Philadelphia Media Holdings, t/a The Philadelphia Inquirer prior to the Petition Date.

16.    Defendants James DeLeon and Marilyn DeLeon are individuals residing at 7512 Forrest Avenue, Philadelphia, PA 19105 and are plaintiffs in litigation captioned *James M. Deleon and Marilyn DeLeon v. Philadelphia Media Holdings, LLC; Kitty Caparella; and Simone Weichselbaum*, Adv. No. 09-00066 (Bankr. E.D. Pa.) that was filed against Philadelphia Media Holdings, LLC, Kitty Caparella and Simone Weichselbaum prior to the Petition Date.

17.    Defendant James W. Robinson, Jr. is an individual residing at 411 Main Street, Red Hill, PA 18076 and is the plaintiff in litigation captioned *James W. Robinson, Jr. v. John Costello, Philadelphia Newspapers LLC and Philadelphia Media Holdings LLC*, Civil Action No. 04231, September Term 2008 (Phila. Ct. Com. Pl.) that was filed against John Costello, Philadelphia Newspapers LLC and Philadelphia Media Holdings LLC prior to the Petition Date.

18.    Defendant David Leigh is an individual residing at 5131 Beaumont Avenue, Philadelphia, PA 19143 and is the plaintiff in the litigation captioned *David Leigh v. Joseph Gambardello*, Civil Action No. 742, March Term 2009 (Phila. Ct. Com. Pl.) that was filed against Joseph Gambardello, an employee of Philadelphia Newspapers LLC, on March 5, 2009.

19.    Defendant Christopher Baxter is an individual residing at 6345 Overbrook Avenue, Philadelphia, PA 19151 and is the plaintiff in the litigation captioned *Christopher Baxter v. Curtis Weaver*, Civil Action No. 330, April Term 2009 (Phila. Ct. Com. Pl.) that was filed against Curtis Weaver, and employee of Philadelphia Newspapers LLC, on April 7, 2009.

20.    Defendant Turquoise Erving is an individual residing at 108 Windrush Road, Winston-Salem, NC 27106 and is the plaintiff in the litigation captioned *Turquoise Erving v. Philadelphia Newspapers, Inc. t/d/b/a Philadelphia Daily News, Kitty Caparella, and Knight Ridder, Inc.*, Civil Action No. 1206, August Term 2006 (Phila. Ct. Com. Pl.) that was filed against Kitty Caparella, a reporter employed by Philadelphia Newspapers, LLC.

21.    Defendant Carlo and Gemma Tedesco are individuals residing at 407 Ellerslie Avenue, Ambler, PA 19002 and are the plaintiffs in the litigation captioned *Carlo Tedesco and Gemma Tedesco, his wife v. John Whartenby, Philadelphia Media  LLC and Philadelphia Newspapers, LLC*, Civil Action No. 3137, April Term 2009 (Phila. Ct. Com. Pl.) that was filed against John Whartenby, an employee of Philadelphia Newspapers, LLC.  As to the Debtors, this litigation was commenced in violation of the automatic stay.

22.    Defendant Emmaline Armstrong is an individual residing at 64 Princeton Avenue, Gloucester, New Jersey 08030 and is the plaintiff in the litigation captioned *Emmaline Armstrong v. Philadelphia Newspapers, LLC, William Flannery and Greg Marino*, Civil Action No. 09-2371 (E.D.Pa.) that was filed against William Flannery and Greg Marino, employees of Philadelphia Newspapers, LLC, on May 22, 2009.

23.    Defendant Antwone Williams is an incarcerated individual presently confined at SCI Fayette, Box 9999, Labelle, PA 15450-0999 and is the plaintiff in the litigation captioned *Antwone Williams v. Philadelphia Prison System, Warden Gainey, Philadelphia Daily News, Wendy Ruberman [sic], Philadelphia Inquirer and Joseph A Slobodzian*, Civil Action No. 09-133 (E.D.P.A.) that was filed against Wendy Ruderman and Joseph A. Slobodzian, reporters employed by Philadelphia Newspapers, LLC, on May 17, 2009.  As to the Debtors, this litigation was commenced in violation of the automatic stay.

11

24.    It is clear that the defendants herein[3] (together the "Defendants") are stayed by section 362(a) of the Bankruptcy Code from attempting to collect pre-petition debts from the Debtors in the above referenced actions (the "Non-Bankruptcy Litigation").[4]    The Defendants likewise should be enjoined under the Bankruptcy Code and the Federal Rules of Civil Procedure, from attempting to collect from a Non-Debtor, because such efforts (i) will have the effect of action against the Debtors themselves, and (ii) will cause significant interference with, and impairment of, the Debtors' efforts to reorganize.

25.    By motion filed on March 23, 2009 (the "Preliminary Injunction Motion"), the Debtors sought and subsequently obtained an order (the "TRO") temporarily restraining actions against the Non-Debtors.

26.    On May 7, 2009, this Court entered a preliminary injunction temporarily enjoining litigation pending against the Non-Debtors for a period of sixty days.  The Debtors' motion to extend the preliminary injunction for another sixty-day period is presently scheduled to be heard on July 6, 2009.

27.    The relief sought by the Debtors is critical to the Debtors' ability to preserve the assets and value of the Debtors' enterprise for the benefit of present and future creditors and to eventually implement a plan of reorganization.

## DEFENSE AND INDEMNITY

---

[3] Harriet Hueitt, R. Bradley Maule, Gari Nan Brindle, Richard Holmes and Lourdes Hudson were previously named as Defendants in this action; however, as a result of the chapter 11 filing by PMH, their lawsuits no longer involve a Non-Debtor and the relief sought herein is no longer necessary with respect to their lawsuits, accordingly, the Debtors will be stipulating to the dismissal of this Adversary Proceeding as to those individuals.

[4] The motor vehicle accident involving Defendant Baxter occurred post-petition; therefore, it is believed that Defendant Baxter does not hold a pre-petition claim against the Debtors; however, the Debtors will be required to defend and possibly indemnify their employee in the lawsuit filed by Defendant Baxter.

812289_1

28.     The Debtors provide a defense on behalf of and, depending on the outcome of litigation, indemnify their employees, agents, Members and Managers for all claims asserted against them as employees, agents, Members or Managers of the Debtors and for all claims asserted against them in the scope of or in the course of their employment, agency, membership or management with the Debtors.

29.     Such defense and indemnity is and has historically been provided pursuant to paragraph 8(b) of the Philadelphia Newspaper, LLC operating agreement (the "Operating Agreement").  Baker Decl., ¶ 16; Exhibit 1 to the Baker Decl., Amended and Restated Operating Agreement of Philadelphia Newspapers, LLC, ¶ 8(b)

30.     Additionally, such defense and indemnity is and has historically been provided pursuant to (a) common law theories of respondeat superior, vicarious liability, agency, and others ("Common Law"), for all employees, agents, Members and Managers against whom claims have been brought that assert injury caused by such employees, agents, Members and Managers acting within the scope of or during the course of their employment, agency, membership or management with the Debtors; and (b) prior practice of the Debtors and their predecessors and, upon information and belief, practice in the Debtors' industry ("Industry Practice") for all employees, agents, Members and Managers against whom claims have been brought that assert injury caused by such employees, agents, Members and Managers acting within the scope of or during the course of their employment, agency, membership or management with the Debtors.

31.     The Debtors are obligated to defend and, depending on the outcome of the litigation, may be obligated to indemnify the Non-Debtor employees and agents in the actions brought by Defendants Lane, Morgenstern, Burlington, Brady, Miller, 401 Restaurant

13

Associates, Plotkin, DeLeon, Dougherty, IBEW, Gureghian, Charter School Management, Inc., Robinson, Leigh, Baxter, Erving, Tedesco, Armstrong and Williams pursuant to the Operating Agreement, Common Law and Industry Practice.

32.     The Debtors are obligated to defend and indemnify Non-Debtor Brian P. Tierney in the action brought by Defendants Gureghian and Charter School Management, Inc. pursuant to the Operating Agreement, Common Law and Industry Practice.

## INSURANCE COVERAGE

33.     Various policies of insurance provide limited coverage for certain claims asserted against the Debtors and/or their employees, agents and Members and Managers.[5]

34.     With respect to claims brought against the Non-Debtors by Defendants Leigh, Baxter, Tedesco and Robinson and any other person or entity that may assert claims against the Debtors or one of their employees, agents, Members or Managers for injuries stemming from a motor vehicle accident, insurance coverage may be available pursuant to the Debtors' Automobile Policy (the "Auto Policy"). A copy of the Debtors' current Auto Policy is attached hereto as **Exhibit C**. Pursuant to the "Deductible/Reimbursement Endorsement" of the Auto Policy, however, the Debtors are responsible for payment of the first $250,000 of costs incurred for each incident.

---

[5] The Non-Bankruptcy Litigation referenced in this Third Amended Complaint involves alleged incidents that occurred over several years.   For ease of reference, the Debtors have included only the current versions of their insurance policies.  The current versions of the insurance policies referenced herein are for illustrative purposes only.  Several of the Non-Bankruptcy Litigation matters may be covered by policies that were effective prior to the current policy year; however, the retentions and deductibles referenced in this Third Amended Complaint are consistent with the retentions and deductibles applicable from 2006 through 2009.  Additionally, some of the Non-Bankruptcy Litigation, the matters brought by DeLeon and 401 Restaurant Associates, for example, pre-date the acquisition of Philadelphia Newspapers, Inc. by Philadelphia Newspapers, LLC and may be covered by insurance policies that existed prior to the acquisition.  See July 18, 2007 Letter sent to the Debtors on behalf of Mutual Insurance Company, Ltd. with respect to the DeLeon matter, a copy of which is attached hereto as **Exhibit B**.

35.     With respect to Defendant Armstrong and any other person or entity that may assert employment practices claims against the Debtors or one of their employees, agents, Members or Managers, insurance coverage may be available pursuant to the Debtors' Employment Practices Liability Policy (the "<u>Employment Policy</u>").  A copy of the Debtors' current Employment Policy is attached hereto as **Exhibit D**.  Pursuant to Item 5 of the Declarations of the Employment Policy, however, the Debtors are responsible for payment of the first $100,000 of costs incurred for each claim.

36.     With respect to Defendants Lane, Morgenstern, Burlington, Brady, Miller, 401 Restaurant Associates, Plotkin, DeLeon, Dougherty, IBEW, Gureghian, Charter School Management, Inc., Williams and possibly Erving, and any other person or entity that may assert claims against the Debtors or one of their employees, agents, Members or Managers, the Debtors for media related injury, insurance coverage may be available pursuant to the Debtors' AIG Media Policy (the "<u>Media Policy</u>").  A copy of the Debtors' current Media Policy is attached hereto as **Exhibit E**.  Pursuant to Endorsement No. 3 of the Media Policy, however, the Debtors are responsible for payment of the first $750,000 of costs incurred for each claim involving the Philadelphia Inquirer, the first $500,000 of costs incurred for each claim involving the Daily News, and the first $100,000 of costs incurred for each claim involving any other insured – the highest retention level applies if more than one insured is sued.

37.     The Debtors do not have insurance coverage for claims involving breach of contract, such as the any action that may be brought by Defendant Erving with regard to the existing settlement agreement in her Non-Bankruptcy Litigation matter.   Accordingly, the Debtors must bear the entire cost of defending and satisfying any resulting judgment in such matters.

## JURISDICTION AND VENUE

38.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157(b)(1) and 1334(b) and (e) as this matter arises in, under and is related to a pending

bankruptcy case.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C.

§157(b)(2)(A), (B) and (O).

39.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

40.     This adversary proceeding is initiated under Bankruptcy Rule 7001(7) and the

relief requested herein may be ordered pursuant to Bankruptcy Rule 7065 and sections 105(a)

and 362(a) of the Bankruptcy Code.

## BACKGROUND

41.     On February 22, 2009, (the "Petition Date"), each of the Debtors, except for

Philadelphia Media Holdings, LLC, filed a voluntary petition for relief with the Court under

chapter 11 of title 11 of the Bankruptcy Code.  On June 10, 2009, Debtor Philadelphia Media

Holdings, LLC, filed a voluntary petition for relief with the Court under chapter 11 of title 11 of

the Bankruptcy Code.

42.     The factual background relating to the Debtors' commencement of these Chapter

11 cases is set forth in detail in the *Declaration of Richard R. Thayer, the Executive Vice

President, Finance of the Debtors In Support of First Day Motions* filed on February 22, 2009

and incorporated herein by reference.

43.     On the Petition Date, Philadelphia Newspapers, LLC and/or Philadelphia Media

Holdings, LLC was a defendant in several of the Non-Bankruptcy Litigation matters.

44.     Additionally, in the Non-Bankruptcy Litigation, Defendants sued one or more of

the Non-Debtors.

16

45.     As set forth above, the Debtors may be required to defend and indemnify the Non-Debtors in the Non-Bankruptcy Litigation pursuant to the Operating Agreement, Common Law and Industry Practice.

46.     Thus, Debtor Philadelphia Newspapers, LLC is responsible for and has paid for all legal services associated with the defense of the Non-Debtors in the Non-Bankruptcy Litigation to date, will be responsible for legal services associated with the defense of the Non-Debtors in the Non-Bankruptcy Litigation post-petition, and could be liable for any judgment against the Non-Debtors in the Non-Bankruptcy Litigation.  Baker Decl., ¶ 17.

47.     Accordingly, in any Non-Bankruptcy Litigation where Brian Tierney, or reporters or employees or agents of Debtor Philadelphia Newspapers, LLC have been sued, Philadelphia Newspapers, LLC has been providing a defense and paying all legal fees on behalf of Brian Tierney, and the employees.  Baker Decl., ¶ 18.

48.     Because the Debtors may be obligated to indemnify and defend the Non-Debtors in the Non-Bankruptcy Litigation, depending on the outcome of that litigation, the Non-Bankruptcy Litigation is, in effect, an action against the Debtors themselves and the continuation of that litigation at this time will cause significant interference with and impairment of the Debtors' efforts to reorganize.

49.     While, as described above, insurance policies exist to provide coverage for the cost of defense and for any judgment against the Debtors, the policies covering most of the Non-Bankruptcy Litigation have significant retentions or deductibles for each claim, and thus provide no protection to the Debtors for legal fees or judgments below that amount.  Baker Decl., ¶ 20.

50.     Allowing the Defendants to proceed with litigation against the Non-Debtors would allow them to indirectly do what the Bankruptcy Code prohibits them from doing directly, and

17

would place burdensome discovery on a bankrupt company which should be focusing its efforts on reorganization.

51.    Additionally, in the Non-Bankruptcy Litigation, Scott Baker, Esquire, the General Counsel of all the Debtors (the "General Counsel"), is regularly consulted on discovery and litigation strategy, generally reviews pleadings and discovery and is often involved in preparing witnesses for deposition or for trial.  Baker Decl., ¶ 9.

52.    Debtor Philadelphia Newspapers, LLC's employees, including the reporters named as defendants in the Non-Bankruptcy Litigation, and other support staff, are also required to be involved in discovery and trial preparation.  Baker Decl., ¶ 10.

53.    If the Non-Bankruptcy Litigation is not stayed, the Debtors' CEO, Brian Tierney, will also be required to participate in cases where he is named as a defendant, has been identified as a witness or where the court requires his involvement in settlement discussions.  Baker Decl., ¶ 14.

54.    Many of the Non-Bankruptcy Litigation matters are multi-party cases that involve dozens of depositions.  For example, Defendant Burlington in the Burlington Case intends to depose at least twenty witnesses.  *See* Baker Decl., ¶¶ 11-12**.**

55.    In the Morgenstern Case, the Rule 26 Order entered by the Court permits each of the parties to take fifteen depositions, and counsel for the parties have acknowledged that over thirty depositions are likely to be conducted before the discovery deadline of September 30, 2009.  The Debtors have been advised that the depositions will begin in April 2009.  *See* Baker Decl., ¶ 13.

56.    If the Non-Bankruptcy Litigation is permitted to proceed against the Non-Debtors, Debtor Philadelphia Newspapers, LLC, its CEO, its General Counsel, and various employees and

18

reporters will undoubtedly be compelled to participate in the litigation in order to protect the Debtors' interests.

57.    Involvement of the CEO, General Counsel and employees and reporters of the Debtors in protracted and burdensome discovery will unquestionably detract from the Debtors' efforts to reorganize.

58.    Moreover, if the Non-Bankruptcy Litigation proceeds without the Debtor Philadelphia Newspapers, LLC, the Debtors could arguably be collaterally estopped from re-litigating critical factual and legal issues. If issues are decided in favor of the Non-Debtors, there is also the possibility that substantially identical issues will have to be re-litigated, creating a risk of duplication and inconsistent judgments.

59.    Additionally, defending the Non-Bankruptcy Litigation will require the Debtors' use of cash collateral. The Debtors are presently prohibited by their senior secured lenders from using cash collateral for any purpose other than approved expenses reflected in the budget that has been approved in these cases. The Debtors' senior secured lenders have not approved of the use of cash collateral for defending the Non-Bankruptcy Litigation; therefore, the Debtors have no funds with which to defend the Non-Bankruptcy Litigation at this time.

60.    Finally, if the Non-Bankruptcy Litigation proceeds against the Non-Debtors, a judgment against the Non-Debtors might impact the Debtors' estate because of the Debtors' potential indemnity obligations.

61.    Enjoining the Non-Bankruptcy Litigation against the Non-Debtors is essential to the Debtors' ability to reorganize.

62.    Enjoining actions against the Non-Debtors will not harm the Defendants because they will be able to pursue their claims against the Debtors in the bankruptcy cases and against

19

the Non-Debtors, either by agreement through a plan of reorganization in these cases, or after any injunction that may be granted has been lifted.

## COUNT I
## INJUNCTIVE RELIEF UNDER SECTION 362(a)

### (AGAINST ALL DEFENDANTS)

63.    The Debtors repeat and reallege the allegations contained in paragraphs 1 through 62 above as if fully set forth herein.

64.    Sections 362(a)(1) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

65.    Section 362(a)(3) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

66.    As set forth above, unusual circumstances exist that require extension of the automatic stay to the Non-Debtors.

67.    Because (i) Debtor Philadelphia Newspapers, LLC would bear the practical responsibilities of defending the Non-Bankruptcy Litigation asserted against the Non-Debtors, (ii) the Debtors' CEO, General Counsel, and various employees will be required to divert their attention from the Debtors' reorganization, and (iii) any judgment entered against the Non-Debtors could result in the depletion of assets of the Debtors' estates, the Debtors are entitled to an Order extending the automatic stay under section 362 of the Bankruptcy Code to enjoin the Defendants from proceeding against the Non-Debtors.

**WHEREFORE**, for all the foregoing reasons, the Debtors respectfully request entry of an Order extending the automatic stay under section 362 of the Bankruptcy Code to enjoin the Defendants from continuing any action or legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), including by way of direct claim, counterclaim, cross claim, appeal or any other action against Non-Debtors Brian Tierney and the reporters and other employees of Debtor Philadelphia Newspapers, LLC, and granting such other relief as this Court deems just.

812289_1

<u>COUNT II</u>
<u>INJUNCTIVE RELIEF UNDER SECTION 105 (a)</u>

**(AGAINST ALL DEFENDANTS)**

68.     The Debtors repeat and reallege the allegations contained in paragraphs 1 through 67 above as if fully set forth herein.

69.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Relief under section 105 of the Bankruptcy Code is particularly appropriate in a chapter 11 case when necessary to protect a debtor's ability to effectively confirm a plan and to preserve the property of a debtors' estate.

70.     The Debtors are entitled to a preliminary injunction under section 105(a) of the Bankruptcy Code, enjoining the Defendants from proceeding against the Non-Debtors in the Non-Bankruptcy Litigation.

71.     Unusual circumstances exist that demonstrate that the Debtors are entitled to an injunction.

72.     In addition to depleting assets of the estate, continuation of the Non-Bankruptcy Litigation will divert the attention and resources of key persons who are critical to the Debtors' ability to successfully emerge from Chapter 11.

73.     Any harm suffered by the Defendants in delaying their ability to pursue claims against the Non-Debtors is vastly outweighed by the harm that would be suffered by the Debtors in the absence of an injunction.

74.     The Debtors are also entitled to a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 as: (a) the Debtors have a substantial likelihood of successfully reorganizing, (b) there is a substantial risk of irreparable harm to the Debtors if the automatic stay is not extended, (c) the harm to the Debtors outweighs the potential harm to the Defendants

presented by the delay in adjudicating their claims, and (d) injunctive relief would not violate the public interest but would, instead promote the likelihood that the Debtors can successfully reorganize.

**WHEREFORE**, for all the foregoing reasons, the Debtors respectfully request entry of an Order granting a preliminary injunction enjoining Defendants from continuing any action or legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), including by way of direct claim, counterclaim, cross claim, appeal or any other action against Non-Debtors Brian Tierney and the reporters and other employees of Debtor Philadelphia Newspapers, LLC, and granting such other relief as this Court deems just.

23

Dated:  July 21, 2009
Philadelphia, Pennsylvania

/s/ Anne M. Aaronson
**DILWORTH PAXSON LLP**
Lawrence G. McMichael
Anne M. Aaronson
Catherine G. Pappas
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

-and-

**PROSKAUER ROSE LLP**
Mark K. Thomas
Paul V. Possinger
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois  60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

-and-

**PROSKAUER ROSE LLP**
Richard J. Corbi
1585 Broadway
New York, New York  10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

*Co-Counsel for the Debtors and Debtors in Possession*

812289_1