UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Philadelphia Newspapers, LLC, *et al.*, | ) ) ) | Case No. 09-11204(JKF) |
| Debtors. | ) ) ) ) ) | Jointly Administered |
| Philadelphia Newspapers, LLC, *et al,*. | ) ) ) | |
| Plaintiffs, | ) ) ) | Adversary No. 09-00085(JKF) |
| v. | ) ) | |
| Alycia Lane, David Morgenstern, Thomas A. Burlington, Robert A. Brady, Myra Belle Miller, 401 Restaurant Associates, Alex Plotkin, James M. DeLeon, Marilyn DeLeon, John J. Dougherty, International Brotherhood of Electrical Workers, Local 98, Vahan H. Gureghian, Danielle Gureghian, Charter School Management, Inc., Richard Holmes, Gari Nan Brindle, Lourdes Hudson, R. Bradley Maule, James W. Robinson, Jr. and Harriet Hueitt, David Leigh, Christopher Baxter, and Turquoise Erving, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## ORDER

Upon consideration of the motion (the "Motion") of Debtors Philadelphia Newspapers, LLC, Broad Street Video, LLC, Philadelphia Media, LLC, PMH Acquisition, LLC, Philadelphia Direct, LLC, Broad Street Publishing LLC, Philly Online, LLC, and PMH Holdings, LLC, and Philadelphia Media Holdings, LLC (collectively, the "Debtors") to

812502_1                                1

expand the preliminary injunction and extend the scope of the automatic stay to include certain reporters or other employees of Debtor Philadelphia Newspapers, LLC (collectively, the "Non-Debtors"); and the Court having considered and reviewed the third amended complaint for injunctive relief (the "Third Amended Complaint"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, this Court makes the following findings and conclusions of law:

1. The Debtors have established a right to injunctive relief extending the automatic stay to the Non-Debtors named in the Additional Matters (as defined in the Motion);

2. Denying the expansion of the Preliminary Injunction would cause immediate and irreparable injury to the Debtors' estates because allowing the Additional Matters to continue: (a) will have the effect of actions against the Debtors themselves; (b) will cause significant interference with, and impairment of, the Debtors' efforts to reorganize; and (c) might give rise to indemnification and other claims that the Non-Debtors could assert against the Debtors;

3. The expansion of the Preliminary Injunction to the Additional Matters will maximize the value of the Debtors' estates and is in the best interests of the Debtors, their estates and their creditors;

4. The harm that may be incurred by the plaintiffs in the Additional Matters is outweighed by the harm that would be suffered by the Debtors absent the expansion of the Preliminary Injunction;

5. The expansion of the Preliminary Injunction to the Additional Matters

will serve the public interest by enabling the Debtors to continue with reorganization efforts; and

      6.    The legal and factual bases set forth in the Third Amended Complaint and the Motion establish just cause for the relief granted herein.

NOW, THEREFORE, based on the foregoing and for other good and sufficient cause,

IT IS HEREBY ORDERED that: *the Preliminary Injunction, entered by the Court on May 7, 2009, and extended by further Order of the Court, shall apply to the plaintiffs in and the Additional Matters, that is*

    1.    The Motion is **GRANTED**.

    2.    Pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, effective immediately and subject to the terms hereof, the scope of the automatic stay is extended to include the Non-Debtors, and plaintiffs in the Additional Matters are enjoined from continuing any action or legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), by way of direct claim, counterclaim, cross claim, appeal or any other action against Non-Debtors, based upon the matters encompassed within the Third Amended Complaint, as may be further amended, *for so long as the Preliminary Injunction is in place*.

    3.    Pursuant to Bankruptcy Rule 7065, the Debtors are relieved from posting any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

~~4.    A hearing will be held on the Motion with respect to the Debtors' request to extend the duration of the preliminary injunction and/or extension of the automatic stay on July 6, 2009 at 10:00 a.m., in Bankruptcy Courtroom #5, Robert N.C. Nix, Sr., Federal Building & Post Office, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania.~~

Dated: July 21, 2009

                                       The Honorable Jean K. FitzSimon
                                       United States Bankruptcy Judge